IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN WAYNE MCLAUGHLIN-COX          :

    Petitioner                                              :

v                                                              :          Civil Action No. JFM-05-1765

RODERICK R. SOWERS, *et al.*                :

    Respondents                                       :

. . .o0o. . .

**MEMORANDUM**

    The above captioned Petition for Writ of Habeas Corpus was filed on June 28, 2005, along with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Petitioner's motion shall be granted. For the reasons set forth below, the petition must be dismissed.

    Petitioner claims that his second degree murder convictions in the Baltimore City Circuit Court on January 12, 1988, should be overturned because the court refused to accept newly discovered evidence and order a new trial. Petitioner asserts that he was denied his Fourteenth Amendment rights as a result of the court's failure to order a new trial.

    The instant petition was written using the pre-printed forms for a 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner indicates on the forms that he had never filed a federal petition for writ of habeas corpus attacking his 1988 conviction. A review of the court records, however, reveals that the instant petition is the second such petition filed by Petitioner regarding the same conviction. *See McLaughlin-Cox v. Sizer*, Civil Action No. MJG-98-2760 (D. Md.); *see also McLaughlin-Cox v. Sizer*, 175 F. 3d 1015 (4th Cir. 1999) (unpublished per curiam opinion).

    Petitioner may file a second or successive habeas corpus petition only if he has moved the

appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996), *cert. dismissed*, 518 U.S. 651 (1996). The pending application is a successive one. Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief. § 2244(b)(3)(A);[2] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the "motion" with the Fourth Circuit and obtain

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly the petition shall be dismissed.  A separate Order follows.


<u>July 5, 2005</u>                                          /s/                                                  
Date                                                      J. Frederick Motz
                                                          United States District Judge